## H. C. McMillan et al. *v.* James M. Causey.

1. Contracts—Consideration—Slavery.—To a suit on a promissory note given for the purchase of a slave, a special plea, alleging that the sale was under a defective decree of the probate court, and conveyed no title, and that before the defect was discovered the slave was emancipated by the United States, which prevented an offer to return him, is bad on demurrer. The doctrine of Whitworth et al. v. Carter,† reiterated.

† See Whitworth et al. v. Carter, *supra*, p. 61; and Jagers et al. v. Griffin, *supra* p. 134.—[Rep.

2. PLEADING—PRACTICE.—The judgment of the court sustaining the demurrer to such plea should be *respondeat ouster*. But the judgment not being in that form, is cured by the defendants giving notice that under the general issue they would offer evidence of the facts contained in their plea. They thus obtained the benefit of a *respondeat ouster* as fully as by another plea.

3. Vol. 40 OF MISSISSIPPI REPORTS.—There is evidently a misprint in the opinion of the court (Ellett, J.), in the case of Lee v. Dozier, 40 Miss. R., 480.

Error to the circuit court of Amite county.   SMILEY, J.

The plaintiffs in error assigned the following errors:

1st. The court erred in sustaining the demurrer to the second or special plea.

2d. The court erred in not giving judgment that these plaintiffs should answer over on sustaining said demurrer. The judgment should have been to answer over.

3d. There was no legal judgment upon said demurrer, and so far as shown by the record, said special plea, and the issue of law thereon, has not been disposed of.

4th. Said demurrer should have been extended back and sustained to the declaration, because plaintiff sues in his own right on a note given to him as guardian, and does not show any delivering of said note to him, as holder, in any capacity except as such guardian, nor any right to collect the money for his own use.

*Geo. L. Potter*, for plaintiffs in error.

Defendant in error sued plaintiffs in error on a note signed by them as sureties for W. T. McMillan. They pleaded that the note was given in payment for a slave sold under an order of the probate court, by Causey, as guardian for minors, in order to a division, and aver that the minors were not made parties to, or notified of the proceeding, nor were the wards cited, or guardian *ad litem* appointed, and so the order of the sale is void; shows matter to excuse the vendee from delivering back the slave; and aver that defendant's securities never had the slave in possession, and could not deliver, etc.

To this plea a demurrer was filed, and these causes assigned: 1st. No notice to wards required. 2d. Title of purchase not affected by want of such notice. 3d. If proceedings void,

purchase not prejudiced. Demurrer sustained, and no judgment to answer over; plaintiffs thereupon filed a notice that they would prove the same matters under the general issue.

Counsel for defendant now insist that the demurrer was properly sustained, because the plea did not aver a tender back of the slave. We reply that no such cause of demurrer was assigned by him. The only causes of demurrer are that the statute did not require notice to the wards, in case of such a sale; and that, if the defect existed, it could not affect the title of the vendee, and he could not be injured. The question to be considered is not whether the plea is defective for want of an averment of a tender back of the slave, but whether the demurrer ought to have been sustained for the causes of the demurrer actually assigned. The Code provides, in general, that the court shall regard no defects, "except such as shall be assigned for causes of demurrer." Rev. Code, p. 495, art. 108. It is too late to assign, in this court, new causes of demurrer. Was the notice required to be given to the wards, in order to obtain an order of sale for a division? In such a case, the Code expressly requires " all parties interested " to be " summoned before such decree is made." Rev. Code, 453, art. 116. Notice to the parties being thus required, an order of sale, without such notice, would be void, and the purchaser under it would acquire no title. It is vain to pretend, in such a case, that the purchaser must pay the purchase money, inasmuch as the slave was afterward emancipated by the government. If the sale was *void*, he still belonged to the wards, and the purchaser was liable to them for him.

As neither cause of demurrer was well taken, and the court could regard no defect not assigned as cause for demurrer, the demurrer was improperly sustained.

2d. There was no judgment on the demurrer, and the matters thereof are still undisposed of. The statement that the court " doth sustain said demurrer," is not a judgment thereon; not a judicial declaration of record that defendants take nothing by the plea.

3d. If this be a judgment it is erroneous, because it does not award that defendants answer over. This very point was decided in Lee v. Dozier, 40 Miss., 477. The fact that a notice of a like defense was afterward filed, under the general issue, does not cure this fatal defect in the judgment. 4th. The grounds of error are submitted without argument.

*E. Safford,* for defendant in error.

There is no error in the proceedings of the court below. The demurrer of plaintiff to the second plea of defendants below was properly sustained. Ware v. Houghton, 41 Miss., 370 ; also, Cocke v. Rucks, 34 Miss., 105. The declaration in this case is sufficient in law, and the demurrer to the second plea should not have been extended back to the declaration. The declaration alleges that the note was executed to plaintiff generally. The copy of the note subjoined to the declaration, describes the plaintiff below as " guardian," but that is not a part of the declaration. Clackwell v. Reid, 41 Miss., 102. But, even if the declaration had described the plaintiff as he is described in the note, the declaration would still have been good. The last proposition, however, it is hardly worth while to discuss, as the declaration is undoubtedly good for the reasons and upon the authority given. Defendants having filed a plea of general issue, cannot extend the the demurrer back to plaintiff's declaration. See 11 Wendall's N. Y. Rep., 653.

Another error assigned is that the judgment rendered by the court below on the demurrer to the second plea, should have been *respondeat ouster,* as required by statute. The judgment is that the demurrer be sustained, but no express leave to answer over is granted by the judgment. Conceding for the sake of the argument, that the judgment was not technically correct, yet the plaintiffs in error have no right to complain, nor will this court reverse the final judgment for that cause unless it appears that the plaintiffs in error were, or might have been, prejudiced. And that such was not the case appears from the fact that the plaintiffs in error

did, in effect, answer over by filing a notice, which was received and acted on by the court. So that the plaintiffs in error did have the benefit of a judgment of *respondeat ouster*.

If the case of Lee v. Dozier, 40 Miss., 477, is cited against us, we answer that it seems doubtful what the question before the court in that case really was. At p. 470, according to the statement of the reporter, " the demurrer being sustained the court proceeded," etc., while in the opinion of the court, p. 483, it is said, " no judgment was entered on the demurrer." If there was no judgment on the demurrer, then it was not in any way disposed of, and of course it was error to proceed to try the issue of fact until the issue of law was first disposed of. But, treating that case as if there had been a judgment sustaining the demurrer without the judgment *respondeat ouster*, we think the judgment of the court in that case would have been different.

The view of the question to which we allude is briefly this : That this court will not reverse the judgment of the court below for errors of which the plaintiffs in error might have avoided themselves, and might have had corrected in that court. With regard to the alleged errors in the judgment on the demurrer, they might have asked leave or made a motion for leave to file other pleas, which would probably have been granted; or, if refused, the parties having done all in their power in the court below, might then with propriety ask this court to reverse the judgment of the court below, but having neglected to avail themselves of their legal remedy at the proper time, this application to reverse the judgment of the court below comes too late.

SIMRALL, J.:

Suit was brought by James M. Causey, in the circuit court of Amite county, against the plaintiffs in error, founded on a promissory note. Defendants interposed the plea of the general issue, and a special plea, stating, among other things, that the consideration of the note was the sale, to one W. T.

McMillan, of a slave, under an order of the probate court, licensing James M. Causey to sell as guardian, etc.; that the order was void because no notice or citation was served on his wards; no guardian *ad litem* appointed; that before the note became due, and before W. T. McMillan discovered the defect in the title, he died; and his administrator, before he discovered the pretended title was void, was prevented from delivering the slave up to the lawful owner by the emancipation of the slave by the military power of the United States; that the defendants are sureties, and never discovered the defect of title until after suit brought, etc., etc. To this plea a demurrer was sustained. Verdict and judgment for the plaintiff.

The first and second errors assigned are, that the demurrer ought not to have been sustained, and the judgment should have been *respondeat ouster.* We held in the case of Whitworth et al. v. Carter* (Opinion Book A., p. 66, decided at this term), that the matters disclosed in this plea were no defense against the payment of the purchase money, and that we would not consider the question longer as an open one. In that case we referred to the former adjudications on the point. The statute provides that on sustaining a demurrer to a plea, the judgment shall be *respondeat ouster.* Although that order is not made in form, yet the record states that the demurrer was sustained on the 28th of May, 1867, and immediately follows : " Thereupon the defendants, by attorney, filed their written notice in the words and figures to-wit : " This notice gave information to the plaintiff " that on the trial under the general issue" the defendants would offer to prove all the facts contained in the plea, with some variation in the statement of them. It thus appears that the defendants below got all the benefit of a *respondeat ouster*, as fully as they could have got it by putting in another plea.

We have been referred by counsel of plaintiffs in error, to the case of Lee v. Dozier, 40 Miss. Rep., 478. In that case

*Supra*, p. 61.

the judgment was reversed because, on sustaining the demurrer to the special pleas, there was not the award of *respondeat ouster.*

The Reporter, in his abstract of the record, states the fact, thus : " The demurrer being sustained (to special pleas), the court proceeded to submit the issue presented on the first plea (general issue) to a jury." In the opinion, the court say, " the demurrer was properly sustained to both these pleas, and thereupon the court ought to have rendered judgment *repondeat ouster*, as required by the statute." Instead of this, no judgment was rendered on the demurrer, but a jury was forthwith empaneled to try the issue on *non assumpsit.*" There is evidently a misprint of the last clause of the paragraph of the opinion.

The difference between the case of Dozier and Lee, and the one before us, is, that these plaintiffs in error, did in fact, after their demurrer was overruled, reply over in their " notice," all that they proposed to make of defense. If the matter had been put in the shape of another plea, and the court had recognized the plea, could these defendants below be heard to say in this court, that the court had inadvertently omitted to give the judgment to " reply over ? "

The next error complained of is, that a valid judgment was not entered on the demurrer. It sufficiently appears that the judicial mind did act on the issue of law, and put its sentence in phrase, as is reasonably clear, if not usual. The last error such is that the demurrer ought to have been extended to the declaration. The declaration is substantially good. We have examined the objections made by counsel, and do not think they are well taken. Let the judgment of the court below be affirmed.